IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | No. C 12-5783 MMC |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT; VACATING HEARING** |
| v. | |
| GUADALUPE MEDINA, et al., | |
| Defendants. / | |

Before the Court is plaintiff J & J Sports Productions, Inc.'s ("J & J") "Application for Default Judgment by the Court," filed February 12, 2013. Defendants Guadalupe Medina, Manuel Medina, and Los Reyes Taqueria have not filed opposition. Having read and considered the papers submitted in support of the motion, the Court deems the motion appropriate for decision on the moving papers, VACATES the hearing scheduled for April 26, 2013, and rules as follows.

1. Having read and considered the declaration of Thomas P. Riley and the affidavit of David Sims, and having before it the facts stated in the complaint, which facts are deemed true by reason of the entry of default, see Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978), the Court finds J & J had the exclusive rights to distribute "Manny Pacquiao v. Juan Manuel Marquez III WBO Welterweight Championship Fight Program" ("the Program") and further finds defendants, having no license, intercepted and exhibited the

Program for their patrons, in violation of 47 U.S.C. § 605(a).  See Kingvision Pay-Per-View, Ltd. v. Backman, 102 F. Supp. 2d 1196, 1196-97 (N.D. Cal. 2000) (holding unauthorized interception and broadcast of program for which plaintiff has distribution rights violates § 605(a)).

  2.  J & J, having elected statutory damages under § 605(a), is entitled to a "sum of not less than $1,000 or more than $10,000, as the court considers just."  See 47 U.S.C. § 605(e)(3)(C)(i)(II).  A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants.  See Kingvision Pay-Per-View, Ltd. v. Body Shop, 2002 WL 393091, at *4 (S.D.N.Y. Mar. 13, 2002).  Here, J & J has not submitted evidence as to its losses.  With respect to defendants' profits, J & J offers evidence that at least fifteen persons were present at defendants' establishment during the telecast of the subject program (see Decl. of Affiant, filed Feb. 12, 2013, attached exhibit (Sims Aff.)), and it can be inferred that at least some of those patrons purchased food and/or beverages in connection with the screening.  J & J's investigator was not charged a cover, however, and provided no evidence that the price of food or beverages was increased for the event.  Where, as here, there is no evidence that the financial benefit to the defendant exceeded $1000, the Court finds an award of statutory damages in the amount of $1000 is appropriate.  See, e.g. J & J Sports Prods., Inc. v. Medinarios, No. 08-0998, 2008 WL 4412240 at *2-3 (N.D. Cal. Sept. 25, 2008) (awarding $1000 in statutory damages for violation of § 605 where approximately 35 patrons were present in defendant's establishment, there was no cover charge, and cost of beverages was "within normal range").

  3.  J & J seeks an enhancement of the award of statutory damages.  Where a violation of § 605(a) is "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," the court may enhance the damages award by up to $100,000.  See 47 U.S.C. § 605(e)(3)(C)(ii).  Here, as alleged by J & J in its Complaint, and deemed true by the Court, defendants exhibited the Program, knowing the Program was not to be intercepted without permission, and did so to obtain financial gain.  (See Compl.

¶¶ 21-22.) Further, the evidence submitted supports a finding that defendants did in fact gain financially from showing the Program; specifically, defendants displayed the Program, and at least fifteen patrons were present during the screening. Consequently, the Court finds defendants acted willfully and for private financial gain. To deter future willful violations, enhancement damages in the amount of $5000 will be awarded. See Joe Hand Promotions, Inc. v. Pete, 1999 WL 638215, at *2 (N.D. Cal. Aug. 17, 1999) (awarding enhancement damages of $5000 "to deter future piracy of pay-per-view events").

4. With respect to its state law claim of conversion, J & J argues it is entitled to an award in the amount of $1800, which, J & J asserts, was "the amount [d]efendants would have been required to pay had [they] ordered the Program from [p]laintiff." (See Pl.'s Mem. of P. & A. at 20.) J & J, however, has offered no declaration or other evidence to support said assertion. In the absence of such evidence, J & J has not shown its entitlement to an additional award of $1800. See Amini Innovation Corp. v. KTY Int'l Marketing, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) (holding plaintiff seeking default judgment "is required to provide evidence of its damages").

**CONCLUSION**

For the reasons stated above, J & J's application for default judgment is hereby GRANTED in part, and plaintiff shall have judgment against defendants in the amount of $6000.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 22, 2013

MAXINE M. CHESNEY
United States District Judge